IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

JUMAAL MAYFIELD and SUZWANNA MAYFIELD,
on her own behalf and on behalf of her
infant son, LAMAR LANE,

    Plaintiffs,

v.

CITY OF CHICAGO and AS-YET UNKNOWN
CHICAGO POLICE OFFICERS,

    Defendants.

) 01 C 8948
) Judge Aspen

DOCKETED JUN 1 0 2002

FILED JUN - 6 2002

## NOTICE OF FILING

TO:

James Filkins
Susan Sullivan
Assistant Corporation Counsel
30 North LaSalle St., Suite 900
Chicago, IL 60602-2502

Please take notice that on June 6, 2002 I filed the attached SECOND AMENDED COMPLAINT at the United States Courthouse, 219 South Dearborn, Chicago, IL.

_____
Attorney for Plaintiffs

Jon Rosenblatt
LOEVY & LOEVY
434 West Ontario, Ste. 400
Chicago, IL 60610

## CERTIFICATE OF SERVICE

I, Jon Rosenblatt, an attorney, certify that on June 5, 2002 I served a copy of the attached SECOND AMENDED COMPLAINT and Notice to the above-named parties of record.

_____

16

DOCKETED JUN 1 0 2002
FILED JUN - 6 2002
UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JUMAAL MAYFIELD, CYNTHIA MAYFIELD, EDUARDO GRAHAM, and SUZWANNA MAYFIELD, on her own behalf and on behalf of her minor children, OMAR LANE, LAMAR LANE, IEASHA MAYFIELD, ASHLEY FULLER, JONATHAN FULLER, MIYA WATSON, SHAVAHN BENAMON and JOSHUA MITCHELL, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, OFFICER JAMES CAMPAGNA and AS-YET UNKNOWN CHICAGO POLICE OFFICERS, <br><br> Defendants. | 01 C 8948 <br><br> Judge Aspen |

## SECOND AMENDED COMPLAINT

NOW COME Plaintiffs, JUMAAL MAYFIELD, CYNTHIA MAYFIELD, EDUARDO GRAHAM, and SUZWANNA MAYFIELD, on her own behalf and on behalf of her minor children, LAMAR LANE, OMAR LANE, IEASHA MAYFIELD, ASHLEY FULLER, JONATHAN FULLER, MIYA WATSON, SHAVAHN BENAMON and JOSHUA MITCHELL, by their attorneys, LOEVY & LOEVY, and complaining of Defendants, CITY OF CHICAGO, OFFICER JAMES CAMPAGNA, and AS-YET UNKNOWN CHICAGO POLICE OFFICERS, in their individual capacities, state as follows:

### Introduction

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

16

## Jurisdiction and Venue

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within district.

## Background

4. Plaintiff Suzwanna Mayfield resides with her family in an apartment located on the 700 West block of 51st Street in Chicago. On November 9, 2001, Ms. Mayfield was present in the apartment along with the other Plaintiffs.

5. Sometime around 6:00 p.m., approximately four as yet-unidentified Chicago Police Officers and Officer James Campagna ("Defendant Officers") kicked in Plaintiffs' front door without any warning. These Officers entered Plaintiffs' apartment, and proceeded to search the premises.

6. At the time the door was kicked in by the Defendant Officers, a portion of the shattered door struck 16-month-old Lamar Lane in the head, causing him injuries. Lamar Lane was subsequently taken to the hospital for treatment.

7. The Defendant Officers entered Plaintiffs' apartment unlawfully, without any search warrant, and without any explanation for their actions. In the course of their unlawful entry and search, the Defendant Officers cursed at Plaintiffs and pointed their guns at them.

8. Fearing for the safety of his family, Jumaal Mayfield dialed 911 to report the Defendants' illegal actions.

9. When the Defendant Officers eventually exited Plaintiffs' apartment without ever explaining their purpose for having entered, Jumaal Mayfield followed the Defendant Officers down the building's stairs, asking them for their names or badge numbers so that he could report their actions.

10. Despite his efforts, Plaintiff was unable to obtain any of the Defendant Officers' names or badge numbers, though he was able to write down identification numbers from the sides of several of the police cars parked outside.

11. Thereafter, Officer Campagna became angry about Jumaal Mayfield's attempts to obtain the Defendant Officers' badge numbers and names. Officer Campagna pulled Mr. Mayfield from the steps, and threw him down onto the ground.

12. Thereafter, numerous Defendant Officers, including Officer James Campagna, proceeded to beat, punch, step on, and kick Mr. Mayfield, bloodying his lip and causing him other injuries. This beating occurred in front of numerous witnesses.

13. Notwithstanding that Mr. Mayfield had done absolutely nothing illegal, he was subsequently arrested and transported to the Chicago Police Station (the "Police Station").

14. Throughout the course of his arrest and during his resultant detention at the Police Station, Plaintiff requested medical attention for his injuries, requests which were all denied.

15. Mr. Mayfield was subsequently processed and charged with battery, an offense he did not commit.

16. While at the Police Station, Mr. Mayfield was detained in a small room. At one point, three police officers, including Officer James Campagna, entered the room and slowly proceeded to put black leather gloves on their hands.

17. Fearing further beating, Mr. Mayfield protested, whereupon Officer James Campagna told Mr. Mayfield that if he pled guilty, he would get six months probation, and they would "leave it at that," or words to that effect.

18. Because Mr. Mayfield was innocent, and because he had no idea what they had even charged him with, he refused.

19. Mr. Mayfield was not released until the following morning. Upon his release, he sought and received medical treatment at a local hospital for his lip and head injuries.

20. Despite the Defendant Officers' threats, Mr. Mayfield was unwilling to plead guilty to a crime he did not commit. Thereafter, all of the false criminal charges against Mr. Mayfield were dropped by the State's Attorney in a manner indicative of his innocence.

COUNT I – 42 U.S.C. § 1983:

Excessive Force

21. Plaintiffs reallege each of foregoing Paragraphs as if fully stated herein.

22. As described in the preceding paragraphs, the conduct of the Defendant Officers, acting under color of law and

4

within the scope of their employment, constituted excessive force in violation of the United States Constitution.

23. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

24. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

25. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

    c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet

the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

        d.    Municipal policy-makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

        e.    The City of Chicago has and the relevant policymakers have failed to act to remedy the patterns of abuse describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants, CITY OF CHICAGO, OFFICER JAMES CAMPAGNA and UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages and attorneys' fees, along with punitive damages against OFFICER JAMES CAMPAGNA and the UNKNOWN CHICAGO POLICE OFFICERS in their individual capacities, and any other relief this Court deems just and appropriate.

Count II - Section 1983
Failure to Intervene

26.    Plaintiffs reallege each of foregoing Paragraphs as if fully stated herein.

27.    As a result of the Defendant Officers' failure to intervene to prevent the unjustified and excessive use of force to which Plaintiff Jumaal Mayfield was subjected by other

Defendant Officers, Mr. Mayfield suffered pain and injury, as well as emotional distress. These non-intervening Defendant Officers had a reasonable opportunity to prevent the harm had they been so inclined, but failed to do so.

28. As described in the preceding paragraphs, the conduct of the non-intervening Defendant Officers, acting under color of law and within the scope of their employment, violated the United States Constitution.

29. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to constitutional rights.

30. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

31. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants, CITY OF CHICAGO, OFFICER JAMES CAMPAGNA and UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages and attorneys' fees, along with punitive damages against OFFICER JAMES CAMPAGNA and the UNKNOWN CHICAGO POLICE OFFICERS in their individual capacities, and any other relief this Court deems just and appropriate.

COUNT III - State Law Claim:

Battery

32. Plaintiffs reallege each of foregoing Paragraphs as if fully stated herein.

33. As described in the preceding paragraphs, the conduct of the Defendant Officers, acting within the scope of their employment as police officers, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing Plaintiffs' bodily injuries.

34. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

35. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants, CITY OF CHICAGO, OFFICER JAMES CAMPAGNA and UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages, as well as punitive damages against the individual Defendants, and any other relief this Court deems just and appropriate.

COUNT IV - State Law Claim:

Assault

36. Plaintiffs reallege each of foregoing Paragraphs as if fully stated herein.

37. As described in the preceding paragraphs, the conduct of the Defendant Officers, acting within the scope of their employment as police officers, created a reasonable apprehension of imminent harm, undertaken willfully and wantonly, proximately causing serious emotional and other injuries.

38. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

39. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants, CITY OF CHICAGO, OFFICER JAMES CAMPAGNA and UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages, as well as punitive damages against the individual Defendants, and any other relief this Court deems just and appropriate.

COUNT V - 42 U.S.C. § 1983:

First Amendment

40. Plaintiffs reallege each of foregoing Paragraphs as if fully stated herein.

41. The First Amendment to the United States Constitution guarantees the right to speak out on matters of public concern without fear of unjust retaliation.

42. As described more fully in the preceding paragraphs, Plaintiff Jumaal Mayfield engaged in protected speech

9

on matters of public concern, to wit, he informed the Defendant Officers that he sought their names and badge numbers in order to hold them accountable publicly for their unlawful actions.

43. In direct retaliation for his exercise of protected speech, the Defendant Officers, acting under color of law and within the scope of their employment as police officers, retaliated against Plaintiff Jumaal Mayfield in the manner described in the preceding paragraphs.

44. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

45. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

WHEREFORE, Plaintiffs respectfully requests that the Court enter judgment in their favor and against Defendants, CITY OF CHICAGO, OFFICER JAMES CAMPAGNA and UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages and attorneys' fees, along with punitive damages against OFFICER JAMES CAMPAGNA and the UNKNOWN CHICAGO POLICE OFFICERS in their individual capacities, and any other relief this Court deems just and appropriate.

COUNT VI - 42 U.S.C. § 1983:

False Arrest/Unlawful Detention

46. Plaintiffs reallege each of foregoing Paragraphs as if fully stated herein.

10

47. Plaintiff Jumaal Mayfield was improperly seized, arrested, and detained without any probable cause in violation of his constitutional rights.

48. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

49. As a result of the above-described wrongful infringement of Plaintiff Jumaal Mayfield's rights, he has suffered damages, including but not limited to substantial mental stress and anguish.

50. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

WHEREFORE, Plaintiffs respectfully requests that the Court enter judgment in their favor and against Defendants, CITY OF CHICAGO, OFFICER JAMES CAMPAGNA and UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages and attorneys' fees, along with punitive damages against OFFICER JAMES CAMPAGNA and the UNKNOWN CHICAGO POLICE OFFICERS in their individual capacities, and any other relief this Court deems just and appropriate.

COUNT VII – State Law Claim:

False Arrest/False Imprisonment

51. Plaintiffs reallege each of foregoing Paragraphs as if fully stated herein.

52. Plaintiff Jumaal Mayfield was arrested and detained despite the Defendant Officers' knowledge that there was no probable cause for doing so.

53. In the manner described in the preceding paragraph, Defendants unlawfully restrained Plaintiff Jumaal Mayfield's liberty to move about by imprisoning him.

54. As a result of this misconduct, Plaintiff has suffered and continues to suffer injuries including pain and suffering.

55. Defendants' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

56. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants, CITY OF CHICAGO, OFFICER JAMES CAMPAGNA and UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages, as well as punitive damages against the individual Defendants, and any other relief this Court deems just and appropriate.

COUNT VIII - 42 U.S.C. § 1983:

Unlawful Search

57. Plaintiffs reallege each of foregoing Paragraphs as if fully stated herein.

58. In the manner described above, the Defendant Officers entered Plaintiffs' apartment without permission, without a warrant, and without probable cause, thereby violating the United States Constitution.

59. Independently, the manner in which the Defendant Officers executed their search was also in violation of the Constitution.

60. The misconduct described in this Count resulted in injury by violating Plaintiffs' privacy and by interfering with their legitimate expectation to be free from unconstitutional invasions of their home.

61. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

62. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

WHEREFORE, Plaintiffs respectfully requests that the Court enter judgment in their favor and against Defendants, CITY OF CHICAGO, OFFICER JAMES CAMPAGNA and UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages and attorneys' fees, along with punitive damages against OFFICER JAMES CAMPAGNA and the UNKNOWN CHICAGO POLICE OFFICERS in their individual capacities, and any other relief this Court deems just and appropriate.

COUNT IX - State Law Claim:

Malicious Prosecution

63. Plaintiffs reallege each of foregoing Paragraphs as if fully stated herein.

64. Plaintiff Jumaal Mayfield was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

65. The Defendant Officers accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

66. Statements of the Defendant Officers regarding Plaintiff's alleged culpability were made with knowledge that the statements were false and perjured. In so doing, Defendants fabricated evidence and withheld exculpatory information.

67. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

68. As a result of the above-described wrongful infringement of Plaintiff Jumaal Mayfield's rights, he has suffered financial and other damages, including but not limited to substantial mental stress and anguish.

69. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants, CITY OF CHICAGO, OFFICER JAMES CAMPAGNA and UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages, as well as punitive damages against the individual Defendants, and any other relief this Court deems just and appropriate.

COUNT X – 42 U.S.C. § 1983:

Denial of Medical Care

70. Plaintiffs reallege each of foregoing Paragraphs as if fully stated herein.

71. After being beaten by the Defendant Officers, Jumaal Mayfield had an objectively serious medical need, which was communicated directly to the Defendant Officers. The Defendant Officers therefore had actual knowledge of the same.

72. In this manner, the conduct of the Defendant Officers in refusing Jumaal Mayfield medical attention was objectively unreasonable and was undertaken intentionally with willful indifference to his health and safety.

73. As a result of the Defendant Officers' objectively unreasonable conduct and deliberate indifference to Jumaal Mayfield's serious medical needs, Plaintiff suffered unnecessarily.

74. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to constitutional rights.

75. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

WHEREFORE, Plaintiffs respectfully requests that the Court enter judgment in their favor and against Defendants, CITY OF CHICAGO, OFFICER JAMES CAMPAGNA and UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages and attorneys' fees, along with punitive damages against OFFICER JAMES CAMPAGNA and the UNKNOWN CHICAGO POLICE OFFICERS in their individual capacities, and any other relief this Court deems just and appropriate.

COUNT XI – State Law Claim:

Intentional Infliction of Emotional Distress

76. Plaintiffs reallege each of foregoing Paragraphs as if fully stated herein.

77. As described more fully in the preceding paragraphs, the Defendant Officers engaged in extreme and outrageous conduct with respect to Plaintiffs, including but not limited to ganging up upon and beating Jumaal Mayfield in the presence of his family members without any justification or provocation.

78. This misconduct described in this Count was rooted in an abuse of power or authority.

16

79. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

80. As a result of the above-described wrongful infringement of Plaintiffs' rights, they suffered damages, including but not limited to mental stress and anguish.

81. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants, CITY OF CHICAGO, OFFICER JAMES CAMPAGNA and UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages, as well as punitive damages against the individual Defendants, and any other relief this Court deems just and appropriate.

COUNT XII – State Law Claim:

Respondeat Superior

82. Plaintiffs reallege each of foregoing Paragraphs as if fully stated herein.

83. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members of, and agents of, the Chicago Police Department acting at all relevant times within the scope of their employment.

84. Defendant City of Chicago is liable as principal for all torts committed by its agents.

WHEREFORE, Plaintiffs respectfully requests that the Court enter judgment in their favor and against Defendant, CITY OF CHICAGO, in an amount equal to any award against OFFICER JAMES CAMPAGNA and the UNKNOWN CHICAGO POLICE OFFICERS.

COUNT XIII - State Law Claim:

Indemnification

85. Plaintiffs reallege each of foregoing Paragraphs as if fully stated herein.

86. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

87. The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendant CITY OF CHICAGO in the amounts awarded to Plaintiff against OFFICER JAMES CAMPAGNA and the UNKNOWN CHICAGO POLICE OFFICERS, as well as any other relief this Court deems just and appropriate under the circumstances.

JURY DEMAND

Plaintiffs hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

_____
Attorneys for Plaintiffs

Arthur Loevy
Jon Loevy
Michael Kanovitz
Jon Rosenblatt
LOEVY & LOEVY
434 West Ontario
Suite 400
Chicago, IL 60610
(312) 274-1700